WHEELER, District Judge.
This suit is brought on letters patent of the United States No. 395,077, dated December 25, 1888, and granted to Henry Blackford Payne, of Nottingham, England, assign- *521 or of one-half to A. G. Jennings & Sons, for a warp-knitting machine; and on letters patent No. 397,140, dated February 5,1889, and granted to the same Payne and William Campion, of Nottingham, assignors to A. G. Jennings & Sons, for a warp-knitting machine. Both patents were assigned regularly to the plaintiff, as the trustee of Payne and of Jennings. The first consists of a warp machine, which combines a needle-bar, having bearded needles, a presser-bar, a point or sinker-bar, a fixed sley-bar, guide-bars, mechanism by which motion is imparted to the needle-bar, presser-bar, point or sinker-bar, and guide-bars from a longitudinal cam shaft, and devices for imparting endwise motion to the guide-bars. The claims are for various combinations of these parts. The second is expressly for improvements on the first, and consists of a warp machine, which combines a needle-bar, having bearded needles, a presser-bar, a sinker-bar to which is secured the sley, said sley being placed below the sinkers on the sinker-bar, guide-bars, and mechanism by which motion is imparted to said bars from cams of a longitudinal cam shaft; the laterally reciprocating motion of the guide-bars being extended or shortened by suitable adjusting mechanism, and endwise motion being imparted simultaneously thereto by a rotary stud-wheel and lever connection. The claims are for various combinations of these parts in such a machine. The principal new elements of these combinations are the independent presser-bar and stationary sinker-bar.
Payne was a partner, at Nottingham, with William Henry Revis, in the manufacture of such machines, and Campion was in their employ. These inventions were used in their business, and patented in England. The assets of the firm went to an assignee, and finally to Revis, who became a partner in the firm there of Revis, Brewin & Marriott, which also manufactured and sold such machines in England, using, among others, these inventions. Payne made such machines for sale in this country. He claimed that Revis, Brewin & Marriott sent machines to this country. In 1891, Payne brought a suit on each one of these patents in this court, against Revis and Jennings, for infringements. Sendee was made on Revis, and he answered that he and Payne had been partners at Nottingham, under the firm names of H. B. Payne & Co. and J. B. Whitehall & Co., and that Campion was one of the employés of the partnership; that the partnerships paid all the expenses, and furnished all the materials and necessary facilities, for experimenting, perfecting, and testing the inventions; and that it was understood and agreed between Revis and Payne and Campion that all the inventions and improvements which should be made or discovered by themselves, or by their workmen, during the continuance of the partnership, should be the property of and held and used for the benefit of the partnership; and that the patents issued therefor, either in England or any country foreign to the firms, should be the property of the partnership; and that, by reason of these facts, the inventions patented in these letters patent were and continued to be the property of the partnership; and that these patents, therefore, in equity, belonged to him, and to the firm of which he was a member. The bills were amended by leave of court, and Marriott made a party defendant; and, on failure of Revis to answer *522 the amended bill, it was taken pro confesso, and decrees were entered therein, adjudging the patents to be valid, that the defendant had infringed, and enjoining them from in any manner, directly or indirectly, making, constructing, issuing, or vending to others, without the license or authority of the complainant, any warp-knitting machine made according to and employing and containing these iventions. After this, Revis, Brewin & Marriott manufactured in England four such warp machines, made according to these patents, having the independent presser-bar and stationary sinker-bar and their attachments in the combinations of the patents, and sold them to these defendants, who brought them to the United States, and now use them here. This bringing and use of these machines is the infringement ■complained of.
In this suit the defendants answer that the inventions covered by these letters patent, and all rights in the same, were vested in a co-partnership consisting of William Henry Revis and Henry Blackford Payne, doing business in the city of Nottingham, England, under the names of J. B. Whitehall & Co. and H. B. Payne & Co.; and that all the property, including the inventions and rights thereunder, was, for valuable considerations, sold to William Henry Revis; and that these alleged inventions were and are the property of William Henry Revis; and that the machines alleged to infringe these patents were made by William Henry Revis or the firm of Revis, Brewin & Marriott, of which he was a co-partner; and that, by virtue thereof, the defendants had the right and license to use these machines. So, these machines came from Revis, or the firm of Revis, Brewin & Marriott, into this country, in violation of the injunctions of this court against Revis in the suit brought by Payne against Revis here; and these injunctions still, so far as appears, continue in force; and the decrees, although not made between exactly the parties to this suit, were made between those under whom the parties here respectively claim, and would, on common principles, be conclusive of what was there decreed; and if the parties were not technically the same, either in name or in privity, the decrees upon the point of the ownership of the inventions, which was there in controversy, might be conclusive as a link in the plaintiff’s chain of title. Barr v. Gratz, 4 Wheat. 213. When the defendants justify under Revis and his title, the decrees would be admissible, as a deed from him might be to show that he did not have the title. This seems to settle the title of the plaintiff to, and the validity of, the patent. If not, the evidence in this case to show the title of Revis to the inventions consists largely of the testimony of Revis as to an oral arrangement by which he claims it was to go to him; and in one place, when asked directly what the terms of this oral agreement were, he answered: “Theferms of the oral agreement were that all inventions and patent rights obtained for said inventions should be the property of the firm, and should belong to both whilst members of that firm.” Prima facie, the title to the inventions was previously, and at the time of the grant of the patents, in the patentees; and, if the question was open, all the evidence in the case, considered with this statement of Revis, would fail to show that the title to the patents, either legally or equitably, belonged to Revis, or *523 that anything more belonged to him than the right, as partner, to the use of the inventions by the firm or firms of himself and Payne, while both should be members. The dissolution or winding up of the partnerships would end his right, and leave the title to the patents as before, and in the plaintiff. Now, infringement is denied, but apparently not very strenuously. Altogether, as the machines were avowedly made under these patents in connection with others, claiming the right to so make them, infringement seems, without going through the intricacy of the mechanism, to be well established. The plaintiff therefore appears to be entitled to relief.
In the course of taking the testimony, several objections were taken to answers of witnesses for inadmissibility, which have been made subjects of motions to suppress. The objections relate to the consideration to be given to these particular answers, and not to the general competency of any witness, or branch of his testimony. Such objections do not warrant such proceedings. Motions to suppress overruled, and decree for plaintiff.